UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED NURSES & ALLIED PROFESSIONALS, Local 5098, Plaintiff,<br><br>v.<br><br>RHODE ISLAND HOSPITAL, Defendant. | C.A. No. 23-cv-16-JJM-LDA |

## ORDER

Before the Court are competing Motions for Summary Judgment regarding a stipulated arbitration award between Defendant Rhode Island Hospital ("RIH") and Plaintiff United Nurses & Allied Professionals, Local 5098 ("Union"). ECF Nos. 24, 26. For the reasons below, the Court DENIES RIH's Motion, GRANTS the Union's Motion, and GRANTS the Union's Amended Petition to Confirm. ECF No. 20.

### I.   BACKGROUND

The facts are not in dispute. The Union and RIH are parties to a collective bargaining agreement ("CBA"). Article 14 § 8 of the CBA says that work schedules "shall be posted at least two weeks in advance of the first day on which the schedule is to be effective." Article 13 § 8 requires that all unresolved disputes be arbitrated through the Labor Relations Connection ("LRC"). The Court previously held that the LRC anticipates judicial confirmation of arbitration awards. ECF No. 15.

Between January and December 2021, the Union filed four grievances alleging that RIH posted schedules late. The grievances were consolidated for arbitration. In

March 2022 RIH stipulated to the violations. The arbitration award included a cease-and-desist order requiring RIH to comply with the provisions of Article 14 § 8. *See* ECF No. 20-1 ("Stipulated Award").[1]

RIH posted schedules late a second time in October 2022, and the Union filed a new grievance. In January 2023, just short of a year after the first award, the Union also filed a complaint in this Court seeking confirmation of the first award under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA"). The arbitrator heard the new grievance in March 2024. At that hearing, RIH again stipulated to posting work schedules late. ECF Nos. 30, 34.

## II.  STANDARD OF REVIEW

The legal standard is well-known: the Court must grant summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it might affect the outcome of the suit; a dispute is "genuine" if a reasonable jury could find for the non-moving party. *Id.* at

---

[1] The award reads as follows: "The parties stipulate that the Hospital violated the first sentence of Article 14.8 of the Collective Bargaining Agreement (JX #1). As a result, a cease-and-desist order shall be implemented and the Hospital shall abide with the language contained in Article 14.8 of the Collective Bargaining Agreement (JX #1)." ECF No. 20-1.

248. A party must also be entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The Union asks the Court to confirm the original award, citing 9 U.S.C. § 9 (a court "must grant [an order to confirm] unless the award is vacated, modified, or corrected") and the Supreme Court's holding in *Hall Street Associates, L.L.C. v. Mattel, Inc.* (emphasizing that § 9 "carries no hint of flexibility").[2] 552 U.S. 576, 587 (2008). RIH argues that the First Circuit's holding in *Derwin v. General Dynamics Corp.* precludes the Court from applying the first award to the new violation and argues that the matter should go to the arbitrator. 719 F.2d 484 (1st Cir. 1983).

## III. DISCUSSION

The factual dispute—whether RIH violated Article 14 § 8 a second time—was resolved by stipulation at the March 2024 hearing.[3] *See* ECF Nos. 30 and 34. To the extent that there is a disagreement, it appears to be whether the Supreme Court's holding in *Hall Street* limits the First Circuit's holding in *Derwin*. The Court finds that these opinions are not in tension and confirmation is warranted under both authorities.

### A. Authority to Confirm

Under *Hall Street*, the Supreme Court emphasized that 9 U.S.C. § 9 requires a court to confirm an arbitration award unless it is vacated, modified, or corrected

---

[2] "Confirmation" and "enforcement" are interchangeable in this context. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) ("Because '[a]rbitration awards are not self-enforcing,' they must be given force and effect by being converted to judicial orders by courts") (citation omitted).

[3] That matter is closed and the parties are awaiting a decision.

3

under §§ 10 and 11. 552 U.S. at 587-88. The opinion centered on whether the grounds for vacatur or modification may be expanded by contract. The Court answered in the negative. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* at 587.

*Hall Street* applies because the Union sought expedited review under the FAA and the parties agreed to judicial review through use of the LRC procedures.[4] *Ramos-Santiago v. United Parcel Serv.*, 524 F.3d 120, 124 n.3 (1st Cir. 2008); ECF No. 15. When the dispute is ongoing and the parties have agreed to judicially enforceable arbitration, confirmation is mandatory under § 9 unless the award has been vacated, modified, or corrected. *Loc. Union No. 251 v. Narragansett Imp. Co.*, 503 F.2d 309, 311-12 (1st Cir. 1974). The original award was granted in March 2022 and the Union timely sought confirmation in January 2023. Absent a motion to modify, vacate, or correct, the plain language of § 9 requires the Court to confirm the award.

## B. Applicability of Prior Award

The First Circuit's holding in *Derwin* is not at odds with this opinion. In *Derwin*, the union sought confirmation "in a vacuum" for an award that had not been disputed. 719 F.2d at 491. Citing the prudential values of Article III, which "militate

---

[4] The Court recognizes that the FAA is not always binding when dealing with collective bargaining agreements. *See Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456 (1957) ("the substantive law to apply in suits under s 301(a) is federal law, which the courts must fashion from the policy of our national labor laws"); *Derwin*, 719 F.2d at 488 (the FAA is an "occasional point of reference" in § 301 suits, not a "dispositive statement of governing law"). It applies here for the reasons stated above.

4

against ministerial confirmation of awards in the absence of a concrete dispute," the court declined to confirm the award.[5] *Id.* at 492.

*Derwin* is not on point, for two reasons. First, confirmation is not taking place "in a vacuum": there is a new dispute, and RIH stipulated to a second violation. Second, confirmation is warranted even under *Derwin*'s more stringent test. A party may skip arbitration of the new grievance if the original award is "both clearly intended to have a prospective effect and there is no colorable basis for denying the applicability of the existing award to a dispute at hand." *Id.* at 491. To confirm prospectively, there must be "no material factual difference between the new dispute and the one decided in the prior arbitration that would justify an arbitrator's reaching a different conclusion." *Id.* (citing *Boston Shipping Ass'n., Inc v. Int'l Longshoremen's Ass'n (AFL-CIO)*, 659 F.2d 1, 4 (1981)) (internal quotations omitted).

Here, the Union timely submitted the second grievance to arbitration, so to the extent that *Derwin* applies at all, it is only to determine whether the Court may confirm the original award while the arbitrator's decision on the second grievance is pending. The Stipulated Award included a cease-and-desist order mandating compliance with Article 14 § 8 of the CBA (ECF No. 20-1), and in the First Circuit, "the very nature of cease-and-desist orders is to prove prospective relief." *Mass. Nurses Ass'n v. N. Adams Reg'l Hosp.*, 467 F.3d 27, 31 (1st Cir. 2006). There is also a "colorable basis" based on the plain wording of Article 14 § 8, which requires work

---

[5] The First Circuit cautioned that jumping too quickly to prospective enforcement risks casting aspersions on one party or improperly tipping the balance in ongoing arbitration.

5

schedules to be posted "two weeks in advance of the first day on which the schedule is to be effective." In March 2022, RIH stipulated that it had failed to post work schedules timely. In March 2024, it stipulated that it had again failed to do so.[6]

Because the violations are identical, and because RIH has not moved to vacate, modify, or correct under 9 U.S.C. §§ 10 or 11, the Court may confirm the original award even though the new dispute is still under review.

### C. Limitations on Confirmation

This is a narrow holding. Because the March 2022 award included a cease-and-desist order based on a stipulated violation, the award may be enforced prospectively only in the limited case where RIH stipulates to further violations of Article 14 § 8. It does not apply prospectively to mere allegations, and it does not limit the parties' right to arbitrate in the future or dictate the results of pending or future arbitration. *See Boston Shipping Ass'n*, 659 F.2d at 4. Nor does it bind the arbitrator, who is free to impose a stronger remedy or alter the existing remedy if he sees fit.[7] It could not possibly tip the balance since the new grievance has already been heard and proceedings are now closed.

---

[6] RIH argues that this is not "material" because the stipulation includes no details about when, where, or how the violations occurred. At best, these are ancillary facts that have no bearing on the dispute.

[7] Should the arbitrator issue an award that is substantially odds with this opinion, RIH is free to move for confirmation of the new award under 9 U.S.C. § 9.

6

## IV. CONCLUSION

For the reasons given above, the Court DENIES RIH's Motion for Summary Judgment, GRANTS the Union's Motion for Summary Judgment, and GRANTS the Union's Amended Petition to Confirm. ECF Nos. 20, 24, 26.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

May 31, 2024